UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY FRANK DISTEFANO,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:10-cv-1028-JPG-SCW |
| | ) |
| **KINDER MORGAN, INC.** | ) |
| And | ) |
| **TAMMY MOELLER-CLARK,** | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendants Kinder Morgan and Tammy Moeller-Clark to dismiss all claims in this case against Moeller-Clark with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8) and on the motion of plaintiff Anthony DiStefano to dismiss his claims against Moeller-Clark without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 20).

The Court first addresses DiStefano's motion to dismiss without prejudice under Rule 41(a)(2). Rule 41(a)(2) provides that only the Court may dismiss an action after an adverse party has filed an answer or motion for summary judgment and in the absence of a stipulation of dismissal from all the parties. The Court has discretion to allow dismissal without prejudice under Rule 41(a)(2). *Tyco Labs., Inc. v. Koppers, Co.*, 627 F.2d 54, 56 (7th Cir. 1980). Dismissal without prejudice may be inappropriate where the plaintiff seeks to avoid an adverse ruling by the Court. *See Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993). Here, dismissal without prejudice is inappropriate in light of the merits of the defendants' motion to dismiss with prejudice, as discussed below. Clearly, DiStefano seeks dismissal in order to avoid a near-certain

adverse ruling. Therefore, the Court will deny DiStefano's motion to dismiss without prejudice (Doc. 20).

On the other hand, it will grant the defendants' motion to dismiss the claims against Moeller-Clark with prejudice (Doc. 8). The law is clear that an individual who was not the employer cannot be liable in a retaliatory discharge claim for pursuing worker's compensation benefits. *Buckner v. Atlantic Plant Maint., Inc.*, 694 N.E.2d 565, 570 (Ill. 1998) ("[W]e hold that the only proper defendant in a retaliatory discharge action is the plaintiff's former employer."). Thus, DiStefano has failed to plausibly suggest he has a right to relief against Moeller-Clark for retaliatory discharge, and his claims against her must be dismissed with prejudice pursuant to Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

For the foregoing reasons, the Court:

- **DENIES** DiStefano's motion to dismiss without prejudice (Doc. 20);
- **GRANTS** the defendants' motion to dismiss the claims against Moeller-Clark with prejudice (Doc. 8);
- **DISMISSES** the claims against Moeller-Clark with prejudice (Moeller-Clark is terminated from this case); and
- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**SO ORDERED**:

s/J. Phil Gilbert                                                                           January 26, 2011
**J. Phil Gilbert**                                                                              **Date**
**United States District Judge**